IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CARLENE O'CONNELL, Individually, and as the Personal Representative of the Estate of LARRY O'CONNELL, <br><br> Plaintiff, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant. | CV 13–251–M–DWM <br><br> ORDER |

## INTRODUCTION

Plaintiff Carlene O'Connell ("Carlene") seeks a declaratory judgment against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), asking this Court determine, as a matter of law, that the term "motor vehicle" as used in the exclusionary language of the underinsured motorist (UIM) coverage under the Policy at issue is ambiguous. The parties have filed cross motions for summary judgment. (Docs. 14 and 17.) Because the policy language is

1

unambiguous, plaintiff's motion is denied and summary judgment is granted in favor of Liberty Mutual.

## BACKGROUND[1]

On September 15, 2012, Larry and Carlene O'Connell ("the O'Connells") were driving their 2005 Yamaha Star motorcycle with Carlene as a passenger in Billings, Montana. At the intersection of 13th Street West and Avenue D, the O'Connells' motorcycle was struck by a sports utility vehicle driven by David Johnson ("Johnson"). Johnson's negligence was the cause of the collision. The O'Connells were not negligent in the operation of the motorcycle. Larry died from the injuries he received in the collision; Carlene sustained bodily injuries.

At the time of the wreck, the O'Connells were both named insureds on their own automobile insurance policy ("the Policy") with Liberty Mutual. The Policy declaration page lists three automobiles owned by the O'Connells, but does not cover their motorcycle. The Policy insured the O'Connells for liability, uninsured, and UIM in the amount of $50,000 per person and $100,000 per accident. The Policy also provided medical payments ("med pay") coverage in the amount of $5,000 per person. A separate premium was charged for each of the O'Connells' three automobiles for all coverages, which triggered stacking of their personal and

---

[1] The following facts are undisputed. (*See* Stip. Facts, Doc. 10.)

portable coverages of UIM, uninsured, and med pay.

Carlene made a claim for UIM coverage under the Policy after exhausting Johnson's liability coverage with State Farm.[2] With regard to UIM coverage, the Policy provides:

> We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":
> 1.   Sustained by an "insured"; and
> 2.   Caused by an accident.
> The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle."

(Doc. 10-1 at 27.) Liberty Mutual denied Carlene's UIM claim, relying on the following policy exclusion:

> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained:
> 1.   By you while "occupying" or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

(*Id.*) Plaintiff claims that the exclusion Liberty Mutual relied on to deny coverage is ambiguous and that the Policy provides UIM coverage for Carlene's injuries and the injuries/death of Larry.

---

[2] Carlene also made a claim for med pay coverage under the Policy for medical expenses incurred by herself and her deceased husband, Larry. (Stip. Facts, Doc. 10 at ¶ 17.) Liberty Mutual denied med pay coverage, citing an exclusion in the policy. (*Id.* at ¶ 19.) Carlene is not seeking med pay coverage in this action. (*Id.* at ¶ 20.)

STANDARD

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the non-moving party. *Id.* at 252. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment; factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248.In this case there are no disputed facts based on the stipulation of the parties.

ANALYSIS

**A. The term "motor vehicle" is not ambiguous in the context of the Policy.**

The interpretation of a an insurance contract is a question of law. *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 353 (Mont. 2013). When interpreting an insurance policy, a court must read the policy as a whole and, if possible, reconcile

4

its various parts to give each meaning and effect. *Newbury v. St. Farm Fire & Cas. Ins. Co. of Bloomington, Ill.*, 184 P.3d 1021, 1025 (Mont. 2008). The terms and words used in an insurance contract are to be given their usual meaning and construed using common sense. *Id.* In doing so, the Court "may not rewrite the contract at issue, but must enforce it as written if its language is clear and explicit." *Allstate Ins. Co. v. Wagner-Ellsworth*, 188 P.3d 1042, 1046 (Mont. 2008).

If the parties dispute the meaning of a term, a court must determine whether the term is ambiguous by viewing the policy from the viewpoint of a consumer with average intelligence not trained in law or insurance business. *Id.* "An ambiguity exists when the policy, taken as a whole, is reasonably susceptible to two different interpretations." *Id.* Any ambiguity in an insurance policy must be construed in favor of extending coverage. *Farmers Alliance Mut. Ins. Co. v. Holeman*, 961 P.2d 114, 119 (Mont. 1998). However, the Court will not create an ambiguity where none exists. *Newbury*, 184 P.3d at 1025. Regardless of whether they are ambiguous, exclusions from coverage will be narrowly and strictly construed against the insurer "because they are contrary to the fundamental protective purpose of an insurance policy." *Newman*, 301 P.3d at 355.

Here the Policy states that UIM coverage will not be extended if "bodily

injury" is sustained "[b]y you while 'occupying' or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle." (Doc. 10-1 at 27.) This is referred to throughout the briefing as the "owned vehicle" exclusion. The Policy does not define "motor vehicle." Citing the Policy, Liberty Mutual argues it precludes Carlene from recovering UIM benefits because the O'Connells were occupying a motor vehicle owned by them but not insured for UIM coverage under the Policy at the time of the accident—i.e., their motorcycle. Plaintiff argues the term "motor vehicle" is ambiguous and can be reasonably read as excluding a motorcycle from its definition.

As a threshold matter, the parties both look to statutes in the Montana Code in an attempt to definitively show that "motor vehicle" either encompasses a motorcycle or that it does not. Although informative to understanding the common sense definition a reasonable person with no training in business or the law may reach, whether the term is ambiguous in the abstract is not pertinent here. The proper question is whether the words are ambiguous in the context of this policy and the circumstances of this case. *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 855 P.2d 1263, 1271 (Cal. 1993). In support of her argument that the term is ambiguous, plaintiff cites to: (1) the exclusionary

language under the med pay provision and (2) the definition of "your covered auto." Ultimately, the policy provisions in question provide no support for a finding of ambiguity.

The Policy includes an exclusion from med pay coverage if "bodily injury" is sustained while occupying "any motorized vehicle having fewer than four wheels." (Policy, Doc. 10-1 at 11.) The argument made is that this provision could lead an insured to reasonably believe that "motorized vehicle" means only vehicles with four wheels or more. The language of the exclusion does not support this interpretation. Rather, as argued by Liberty Mutual, the provision supports a finding that "motor vehicles" may have less than four wheels because it delineates between those with more than four wheels and those with less. This interpretation accommodates a consistent meaning of the term throughout the Policy. *See Hanson v. Employers Mut. Cas. Co.*, 336 F. Supp. 2d 1070, 1077 (D. Mont. 2004) (holding a term is ambiguous when it is used inconsistently throughout an insurance policy). The meaning and effect of the two provisions remain the same even if the term "motor vehicle" is assumed to include a motorcycle; there is no inconsistency.³ In fact, the opposite is true. A consumer

---

³ A slight variation of this question—which is not directly addressed by either party—is whether Liberty Mutual's decision to be more specific in one instance than another is sufficient to make the term ambiguous. It is a general rule of contract interpretation that if a

reading the med pay provision could reasonably assume the inclusion of the limiting language "having fewer than four wheels" means "motor vehicle" includes two- or three-wheeled vehicles when used elsewhere. It is only by including vehicles with less than four wheels in the definition of "motor vehicle" that the med pay provision is given any meaning or effect. To reconcile the two provisions any differently would make the language in the med pay exclusion superfluous.

Plaintiff next relies on the definition of "your covered auto" under the Policy, which explicitly lists "a private passenger auto," as well as "a pickup or van" that meets certain requirements, (Policy, Doc. 10-1 at 8), but does not reference a motorcycle. Although it is necessary to look at the Policy as a whole in making an ambiguity determination, the fact that the provision does not include "motorcycle" in the purported "laundry list" of vehicles does not foreclose the possibility that a motorcycle is a "motor vehicle." Even if a term is broad or subject to multiple meanings that does not automatically render the word

---

contract includes a level of specificity in one context and then omits that specificity in a similar context, such an omission is purposeful and should be given meaning. Such an understanding of contract interpretation is consistent with Liberty Mutual's position, however, as the Policy purports to be more forgiving in the case of med pay (excluding only those owned vehicles with less than four wheels) and more limiting in the case of UIM coverage (excluding all owned motor vehicles). The idea that UIM coverage under the Policy is purposefully limited is further bolstered by the additional exclusion of "a trailer or any type used with that vehicle."

reading the med pay provision could reasonably assume the inclusion of the limiting language "having fewer than four wheels" means "motor vehicle" includes two- or three-wheeled vehicles when used elsewhere. It is only by including vehicles with less than four wheels in the definition of "motor vehicle" that the med pay provision is given any meaning or effect. To reconcile the two provisions any differently would make the language in the med pay exclusion superfluous.

Plaintiff next relies on the definition of "your covered auto" under the Policy, which explicitly lists "a private passenger auto," as well as "a pickup or van" that meets certain requirements, (Policy, Doc. 10-1 at 8), but does not reference a motorcycle. Although it is necessary to look to the Policy as a whole in making an ambiguity determination, the fact that the provision does not include "motorcycle" in the purported "laundry list" of vehicles does not foreclose the possibility that a motorcycle is a "motor vehicle." Even if a term is broad or subject to multiple meanings that does not automatically render the word

---

contract includes a level of specificity in one context and then omits that specificity in a similar context, such an omission is purposeful and should be given meaning. Such an understanding of contract interpretation is consistent with Liberty Mutual's position, however, as the Policy purports to be more forgiving in the case of med pay (excluding only those owned vehicles with less than four wheels) and more limiting in the case of UIM coverage (excluding all owned motor vehicles). The idea that UIM coverage under the Policy is purposefully limited is further bolstered by the additional exclusion of "a trailer or any type used with that vehicle."

ambiguous. *Forsman v. United Fin. Cas. Co.*, 966 F. Supp. 2d 1091, 1099 (D. Mont. 2013). Carlene's interpretation to the contrary is unreasonable.

In the absence of ambiguity based on either the med pay exclusion or the "your covered auto" provision, there is no reason to believe the owned vehicle exclusion attempts to modify the common sense meaning of "motor vehicle" or gives rise to ambiguity when considered individually. The usual meaning of "motor vehicle" includes a motorcycle. *See Merriam-Webster Online* (defining a "motor vehicle" as "a vehicle (such as a car, truck, or motorcycle) that is powered by a motor"); *Oxford Dictionaries Online* (defining a "motor vehicle" as "a road vehicle powered by an internal combustion engine"). Other courts that have interpreted this exclusion do not address the issue when applying the exclusion to fact situations involving motorcycles. *See Hall v. Patriot Mut. Ins. Co.*, 942 A.2d 663, 667-68 (Me. 2007) (finding the exclusion "unambiguously applie[d]" as the insured occupied a motorcycle he owned that was not insured by the relevant policy); *see also Gross v. Green Mt. Ins. Co.*, 506 A.2d 1139 (Me. 1986) (same); *Maurice v. St. Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 10 (1st Cir. 2000) (holding that the exclusion is "nose-on-the-face plain" and "[s]ince the motorcycle which the decedent was driving at the time of the accident was owned by him but insured under a separate policy, this exclusion, by its terms, avoids coverage for the

9

[insured]'s claims.") Even where a policy has defined "motor vehicle" and did not expressly include motorcycle in that definition a court found no support for "the insured's impression that a motorcycle lacks the status of a motor vehicle." *Bianchi v. Auto. Club of Mich.*, 467 N.W.2d 17, 20 (Mich. 1991); *see also Safeco Ins. Co. v. Vieth*, 33 Cal. App. 3d 956, 959 (Cal. App. 1973) (finding that although the term "automobile" can be interpreted as not to include a motorcycle, an insured could draw the provision to preclude coverage in a situation involving a motorcycle by using the term "motor vehicle" instead). Additionally, reading the policy to include motorcycles within the definition of "motor vehicle" is consistent with the Policy definition of "occupying." The Policy defines "occupying" to mean "in, upon, getting in, on, out or off." (Doc. 10-1 at 8.) The terms "upon," "on," and "off" make little sense in the context of a bounded passenger vehicle yet speak to one riding a motorcycle. This definition further supports a consistent reading of "motor vehicle" throughout the Policy as to include motorcycles.

The term "motor vehicle" is not reasonably susceptible to Plaintiff's interpretation and, therefore, not ambiguous.[4]

---

[4] The parties spend a significant portion of their respective reply briefs arguing as to whether or not a person can get liability coverage for a motorcycle under the Policy. Although not entirely clear, Carlene's argument appears to be that if a consumer cannot insure her

**B.     The "owned vehicle" exclusion to UIM coverage does not defeat the reasonable expectations of insureds and does not violate public policy.**

This Court has previously held that the "owned vehicle" exclusion to UIM coverage is not against public policy or contrary to the reasonable expectations of the insured. *Hamilton v. Trinity Universal Ins. Co.*, 465 F. Supp. 2d 1060, 1065-67 (D. Mont. 2006). Plaintiff's arguments to the contrary are unpersuasive.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for summary judgment (Doc. 14) is DENIED. Defendant's motion for summary judgment (Doc. 17) is GRANTED in favor of Liberty Mutual. Plaintiff's motion to strike (Doc. 22) is DENIED as moot.

The Clerk of Court is directed to enter judgment in favor of the Defendant and against the Plaintiff and close the case.

---

motorcycle under the Policy, it is reasonable to assume motorcycles do not fall under the term "motor vehicle" as used in the Policy because a motorcycle would always be subject to the owned vehicle exclusion. Liberty Mutual presents evidence motorcycles can be covered by the Policy and that the O'Connells' motorcycle had been covered by the Policy for a year or so prior to the accident. Carlene has moved to strike the affidavit and argument presented by Liberty Mutual as to this issue. (Doc. 22.) Carlene's arguments as to this point are the most removed from the plain language of the Policy and the least persuasive. Neither parties' contentions as to this point impact the Court's analysis and they are not discussed above.

Dated this 21st day of August, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT